UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**MARGARET BLANCO,**

Plaintiff,

vs.

**ROYAL CARIBBEAN CRUISES, LTD.,**
a Liberian corporation,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, Margaret Blanco, sues Defendant, Royal Caribbean Cruises, Ltd. ("Defendant"), and states:

**Introduction**

On September 2, 2016, Margaret Blanco and her husband, Gabriel Blanco, were on vacation aboard the Royal Caribbean *Adventure of the Seas*. Early that morning the couple went for breakfast in the Windjammer Café. As Margaret made her way through the café, she slipped and fell on a clear, liquid, foreign substance on the floor. Consequently, she suffered a severe left wrist fracture, which required surgical repair and the installation of hardware. Margaret, a teacher, was forced to miss work and lose wages, and struggles each day with the limitations of her significant injury.

**Parties, Jurisdiction, and Venue**

1. Plaintiff, Margaret Blanco, is a citizen of Pennsylvania

2. Defendant is a Liberian corporation, whose headquarters and principal place of business are in Miami-Dade County, Florida, in the Southern District of Florida.

3. The parties are completely diverse. More than $75,000, exclusive of costs, fees, and interest, is in controversy. Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

4. On September 2, 2016, Plaintiff Margaret Blanco and her husband were fare-paying and duly authorized passengers onboard the *Adventure of the Seas* when she was seriously injured in the Windjammer Café due to Defendant's negligence.

5. At all material times, Defendant owned, managed, operated, maintained, supervised, controlled, or was the owner pro hac vice or charterer of the *Adventure of the Seas*, a maritime cruise vessel.

6. At all material times, including at the time of Plaintiff Margaret Blanco's injury, the *Adventure of the Seas* was sailing in navigable international waters with the capacity to significantly disrupt maritime commerce. Accordingly, this Court has admiralty jurisdiction over this action pursuant to 28 U.S.C. § 1333(1).

7. Plaintiff Margaret Blanco has satisfied all conditions precedent, including the notice-of-claim requirement contained in her contract of passage for the subject cruise, for filing this action.

8. Venue is proper in the Southern District of Florida pursuant to the forum-selection clause in Plaintiff Margaret Blanco's contract of passage. Also, venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because Defendant engages in substantial and not isolated business in the district, maintains its principal place of business in the district, and committed one or more of the acts or omissions giving rise to this action in the district.

## **Factual Allegations**

9. Defendant invited the general public, including Plaintiff Margaret Blanco, to become a passenger on the *Adventure of the Seas* in exchange for a monetary charge.

10. Defendant designed, constructed, or approved of the final design or construction of the entire Windjammer Café.

11. The Windjammer Café is a buffet area open to all passengers throughout select hours of the day. Passengers help themselves to food and drinks and carry the items back to their table.

12. Crewmembers frequently traverse the Windjammer Café as they serve tables, clean the café, restock the buffet line, and perform other tasks.

13. There is heavy foot traffic through the Windjammer Café from other areas of the ship, including the adjacent pool.

14. As a result, foreign substances are often spilled, leaked, or transferred onto the Windjammer Cafe's floor, where they are then further tracked throughout the cafe's surfaces.

15. Prior to the incident, Defendant was aware or should have been aware of the frequent and persistent hazard created by the presence of foreign substances on the floor of the Windjammer Café, which hazard was created by Defendant's crewmembers or their failure to remedy the hazard through proper maintenance or inspection.

16. Such danger was exacerbated by the fact that, as Defendant was aware prior to the incident, that the Windjammer Cafe's flooring was insufficiently slip resistant when wet.

17. Plaintiff Margaret Blanco was with her husband in the Windjammer Café for breakfast on September 2, 2016. While traversing the Windjammer Café, she was walking through the café in a normal and reasonable manner. She did not see water or any other foreign substance on the floor. Unfortunately, a clear, liquid, foreign substance was nonetheless present. Plaintiff Margaret

Blanco inadvertently stepped on the clear, liquid, foreign substance on the unreasonably slippery floor, causing her to completely lose balance and fall. She crashed violently to the ground, sustaining injuries that are severe, and permanent or ongoing, in nature.

18. Prior to this incident, Defendant's crewmembers saw or should have seen the foreign substance that caused Plaintiff Margaret Blanco to slip and fall, and failed to remove it from the floor.

**Count I - Negligence**

19. Plaintiff Margaret Blanco incorporates by reference the foregoing paragraphs as though fully set forth herein.

20. At all times material, Defendant, through its employees, servants, agents, or representatives acting within the course and scope of their employment, owed a duty to its passengers, including Plaintiff Margaret Blanco, to exercise reasonable care in the design, construction, maintenance, and operation of its vessel, including its amenities and surfaces, which included a duty to maintain and operate the *Adventure of the Seas* in a reasonable and safe manner, free from hazardous and dangerous conditions, and warn of dangerous conditions that it knew about or should have known about through actual or constructive notice when harm to passengers is reasonably foreseeable.

21. Defendant breached that duty by:

a. Failing to properly maintain and keep the flooring of the Windjammer Café in a reasonably safe condition for its passengers;

b. Failing to properly inspect and monitor the flooring of the Windjammer Café for wet, slippery, or other hazardous substances;

c. Failing to properly and timely clean up, mop, or otherwise eliminate wet, slippery, or other hazardous substances on the flooring of the Windjammer Café;

d. Creating a dangerous condition on the flooring of the Windjammer Café;

e. Failing to use a skid free surface for the flooring of the Windjammer Café;

f. Failing to take reasonable care to keep the flooring of the Windjammer Café from becoming slippery and hazardous;

g. Failing to warn Plaintiff Margaret Blanco of the wet, slippery, and hazardous condition of the flooring of the Windjammer Café when it knew or should have known of the existing hazard;

h. Failing to discover in a timely manner the wet, slippery, and hazardous substance on the flooring of the Windjammer Café;

i. Failing to take action to eliminate the hazardous substance from the flooring of the Windjammer Café after being specifically told of its existence by passengers;

j. Failing to utilize reasonable and proper safety policies, procedures, protocols, and practices to detect dangerous conditions on the Windjammer Cafe's floors;

k. Failing to properly train and instruct its employees to detect, report, and remedy wet, slippery, and other hazardous substances on the Windjammer Cafe's floors;

l. Failing to otherwise provide Plaintiff Margaret Blanco with a safe place to walk;

m. Failing to comply with industry standards and Defendant's standards for the appropriate slip resistance or coefficient of friction for the public flooring aboard vessels; and

n. Failing to warn Plaintiff Margaret Blanco that the flooring of the Windjammer Café became unreasonably slippery when wet.

22. Defendant created, knew about, or should have known about the above-described conditions through the exercise of reasonable care.

23. As a direct and proximate result of Defendant's aforementioned breach of its duty of reasonable care, Plaintiff Margaret Blanco has and will continue to incur the following injuries and damages for which Defendant is liable:

a. A displaced fracture of the distal radius in the left wrist, which required surgery and still causes, and will continue to cause, pain, discomfort, and decreased mobility;

b. Cost of operations, surgeries, therapy, and medical treatment;

c. Scarring and disfigurement;

d. Mental anguish;

e. Lost wages;

f. Other past, present, and future medical bills and other direct and incidental costs; and

g. Other past, present, and future pain and suffering.

WHEREFORE, Plaintiff Margaret Blanco requests that this Honorable Court award to her money damages, including interest; reasonable costs and attorney's fees as allowed by law; and any other and further relief that this Court may deem just and proper.

**Demand for Jury Trial**

Plaintiff Margaret Blanco hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: ______________________

LEESFIELD SCOLARO, P.A.
*Attorneys for Plaintiff*
**Ira H. Leesfield** (Fla. Bar No. 140270)
Email: Leesfield@Leesfield.com
**Adam T. Rose** (Fla. Bar No. 123673)
Email: Rose@Leesfield.com
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile: 305-854-8266